BENNETT ROY ARNSTEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Arnstein v. Commissioner
Docket Nos. 28532-89, 28533-89
United States Tax Court
T.C. Memo 1990-591; 1990 Tax Ct. Memo LEXIS 670; 60 T.C.M. (CCH) 1273; T.C.M. (RIA) 90591; November 19, 1990, Filed *670 An appropriate order and decision will be entered for the respondent. Bennett Roy Arnstein, pro se. Alan S. Kline, for the respondent. NAMEROFF, Special Trial Judge.
NAMEROFF
MEMORANDUM FINDINGS OF FACT AND OPINION These cases are before the Court on respondent's Motions to Dismiss for Failure to State a Claim for Relief and for Damages under section 6673. [1]
*671 By separate notices of deficiency, both of which are dated September 13, 1989, respondent determined deficiencies and additions to petitioner's Federal income taxes as follows: Docket No. 28532-89
YEAR
DEFICIENCY
SEC. 6651(a)(1)
SEC. 6653(a)(1)
SEC. 6654(a)
1985
$ 3,482.00
$ 870.50
$ 174.10 *
$ 148.35
Docket No. 28533-89
DEFICIENCY
SEC. 6651(a)(1)
SEC. 6653(a)(1)(A)
SEC. 6654(a)
1986
$ 5,961.00
$ 598.00
$ 298.05 **
$ 72.48
The notices of deficiency are based on petitioner's failure to report gross income from wages and interest in each of the taxable years at issue. In his petitions, *672 petitioner alleges that he did not engage in any taxable activity during the taxable years at issue, and, therefore, does not fall under the jurisdiction of the Internal Revenue Code. In his objections to respondent's motions, petitioner repeats his contention that the Internal Revenue Code does not explicitly apply to him and that respondent's contentions are frivolous. Petitioner has appeared before this Court in a previous case in which he raised the same arguments, which were rejected in a bench opinion and in which the United States was awarded a $ 5,000 penalty under section 6673. Petitioner continues to maintain his frivolous position in these cases. In addition, petitioner filed motions to dismiss for lack of jurisdiction, contending that there is no section of the law which brings him under the jurisdiction of the Internal Revenue Code. Those motions were denied without opinion by the Court. The Court has previously advised petitioner that, as a United States citizen, he is subject to all laws of the United States, including the Internal Revenue Code, and that section 1(c) imposes an income tax on every unmarried individual. Petitioner's arguments to the contrary are *673 frivolous protestor arguments which have been repeatedly rejected by the courts of this land. Our rules require that the petition contain clear and concise assignments of each error that petitioner has alleged to have been committed by respondent, and clear and concise statements of fact upon which petitioner bases his assignments of error. Rules 34(b)(4) and (5); . Any issue not raised in the assignments of error shall be deemed conceded. Rule 34(b)(4); . Respondent asserts that petitioner's allegations as set forth in his petitions, fail to address respondent's determinations contained in the deficiency notices, but instead only raise a variety of irrelevant tax protestor arguments upon which respondent is entitled to a favorable summary adjudication as a matter of law. We agree with respondent. The petitions simply do not comply with the requirements of Rule 34(b)(4) and (5). The assignments of error and statements of facts in the petitions contain worn out tax protestor arguments that have been consistently rejected by this Court and others. The *674 short answer to petitioner's contentions is that he is subject to the Federal income tax laws. See .We grant respondent's Motion to Dismiss for Failure to State a Claim for Relief. Whenever it appears to the Tax Court that a taxpayer's position in a proceeding is frivolous or groundless, or that the proceeding was instituted or maintained primarily for delay, a penalty in an amount not to exceed $ 25,000 may be awarded to the United States by this Court in its decision. Section 6673(a). We find that petitioner's conduct compels the awarding of a penalty to the United States under section 6673. Petitioner adamantly continues to raise the same unfounded tax protestor arguments which we have continually rejected. Therefore, respondent's motion for a penalty under section 6673 will be granted, and we accordingly require petitioner to pay to the United States a penalty of $ 5,000 for each docket number. An appropriate order and decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. Plus 50% of the interest due on $ 3,482 pursuant to section 6653(a)(2). ↩
**. Plus 50% of the interest due on $ 5,961 pursuant to section 6653(a)(1)(B).↩